**UNITED STATES of America, Plaintiff,**

**v.**

**Rosa Herminia TAVÁREZ, Defendant.**

**Cr. No. 93–189(PG).**

United States District Court
D. Puerto Rico.

Oct. 13, 1993.

Warren Vázquez–Sanabria, Asst. U.S. Atty. Criminal Div., Hato Rey, PR, for plaintiff.

Thomas R. Lincoln, Old San Juan, PR, for defendant.

## OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

A hearing on defendant Rosa Herminia Tavárez's motion to suppress was held before this Court on August 31, 1993. The facts elucidated thereat are can easily be summed up. On May 29, 1993, at the San Juan International Airport, K9 unit BOW alerted to the aroma of narcotics emanating from two pieces of luggage bound for Boston, Massachusetts. This incident took place at the American Airlines pit, specifically at the area where domestic and international bound luggage intermingle. The luggage in question was then traced to the defendants who were at GATE 14. These two madams were then detained at approximately 6:35 p.m. At 10:00 p.m. or so the other defendant signed a consent form to have her suitcase searched.[1] At 10:21 p.m. or so DEA Agent Iván Ríos presented Ms. Tavárez a written consent form in Spanish, already filled out by him, which she signed. (Government's Exhibit 2).

Two legal issues are raised by defendant's counsel in support of her motion to suppress. The first is that the seizure of her suitcase is invalid because the same was executed by the government agents without any reasonable suspicion. This argument, however, is without merit. *See United States v. De Los Santos Ferrer*, 999 F.2d 7, 10 (1st Cir.1993) (citing *United States v. Place*, 462 U.S. 696, 707, 103 S.Ct. 2637, 2644, 77 L.Ed.2d 110 (1983)) (dog sniff not a search). As a corollary, the agents then had reasonable suspicion to detain and question the owner of the suitcase. *Id.* (citing *United States v. Race*, 529 F.2d 12 (1st Cir.1976)).

The second issue is whether the defendant's consent to the search of her luggage was voluntary and intelligently given to the agents. If the answer to this question is in the affirmative then the search is constitutionally permissible. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219, 93 S.Ct. 2041, 2043, 36 L.Ed.2d 854 (1973). Considering the testimony elucidated at the suppression hearing, the Court concludes that the defendant's consent indeed meets the "voluntary and intelligent" standard. Although the defendant does contend that she cannot read nor write (except her name) and was requested to sign the consent form without any explanation, DEA Agent Juan Ríos' testimony at the suppression hearing evinces exactly the opposite. Agent Ríos stated that he explained to the defendant why she had been detained, read her rights which she acknowledged, and further discussed with her whether her suitcase could be opened.[2] All of this was said and asked in Spanish—the defendant's native language. Illiteracy is not a synonym of stupidity or lack of common sense. The mere fact that a person does not read nor write is not, in and of itself, a bar to giving consent to search his or her property. *See United States v. Hatch*, 827 F.Supp. 536, 548–50 (N.D.Ind.1993); *Brady v. State*, 584 S.W.2d 245, 251–52 (Tenn.Ct.Crim.App.1979). The

---

1. Neither this consent nor its resulting search of the defendant's luggage are at issue here.

2. The Court finds this testimony credible.

**57**

defendant's consent in this case could have been oral. Thus, the fact that the agents, after fully explaining to the defendant her right, sought to instead embody her consent in writing cannot result in a penalty to the government.[3] *See Hatch,* 827 F.Supp. at 549–50.

Finally, the Court is of the opinion that the approximately four-hour period between the defendant's detention and her consent, does not, in and of itself, invalidate her consent. A six-hour period following arrest or detention is recommended by Congress to determine whether a confession is admissible as evidence. *See* 18 U.S.C. § 3503. Some courts, however, have upheld confessions emanating from detentions of much longer duration. *See, e.g., Shriner v. Wainwright,* 715 F.2d 1452, 1455 (11th Cir.1983) (detention from sometime in the afternoon to 2:00 a.m. the next day including 5 hour interrogation), *cert. denied,* 465 U.S. 1051, 104 S.Ct. 1328, 79 L.Ed.2d 723 (1984).

WHEREFORE, defendant Rosa Herminia Tavárez's motion to suppress evidence (docket # 17) is hereby **DENIED** and the Government's opposition (docket # 19) is **GRANTED.**

**IT IS SO ORDERED.**

**3.** Also, the defendant does not contend that she did not intend to sign what *she was told and* *indeed was a consent form.* The fact that she could not read the document, thus, is irrelevant.